Opinion delivered April 23, 1887.

---

### No. 5317.

### Luke Short *v.* The State.

1. GAMING—INDICTMENT.—Faro is one of the games specifically denounced by the statute defining gaming. Indictment, therefore, which charged that the accused did "unlawfully bet and wager at a certain faro bank" sufficiently charged the offense of betting at a gaming table or bank.

2. PRACTICE IN THE COURT OF APPEALS.—As shown by the verdict in this case, the jury assessed the punishment of the appellant at a fine of ten dollars. The recital in the judgment that the fine assessed was five dollars being evidently a clerical mistake, this court reforms the judgment to conform to the verdict of the jury.

APPEAL from the County Court of Tarrant. Tried below before the Hon. Sam Furman, County Judge.

The opinion discloses the case.

No brief for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE.    It is charged in the indictment that the defendant did "unlawfully bet and wager at a certain faro bank." This sufficiently charges the offense of betting at a gaming table or bank.    (Penal Code, art. 364; Wardlow v. The State, 18 Texas Ct. App., 356; Willson's Crim. Forms, 245, and cases cited in note.) "Faro" is one of the banking games specifically named in the statute (Penal Code, art. 360), and to allege that the defendant bet at a "faro bank," is to sufficiently allege the offense of which the defendant has been convicted.

There is an error in the judgment.    It adjudges that the State of Texas have and recover of the defendant a fine of five dollars, etc.    This is evidently a clerical mistake, as the verdict of the jury assessed the fine against the defendant at ten dollars. We will therefore reform and correct the judgment so as to make it conform to the verdict, as follows:    "It is therefore considered and adjudged by the court that the State of Texas do have and recover of and from the defendant, Luke Short, said sum of ten dollars, fine assessed as aforesaid, together with all costs herein incurred," etc.; and the judgment thus reformed and corrected, is affirmed.

*Reformed and affirmed.*